PABLO MALDONADO ET AL., Plaintiffs and Appellees, *v.* EASTERN SUGAR ASSOCIATES, now C. BREWER PUERTO RICO, INC., Defendant and Appellant; SUGAR PRODUCERS ASSOCIATION OF PUERTO RICO, amicus curiae.

No. R-64-191.        Decided March 18, 1966.

*Sifre, Ruiz-Suria & Sifre,* and *Baltazar Corrada del Río* for appellant. *Vicente Géigel Polanco* and *Vicente Géigel Lanuza* for appellees. *Fiddler, González & Rodríguez* and *Manuel*

*Hernández Penzol* for Puerto Rico Sugar Producers Association, amicus curiae.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The claimants are regular sugar laborers. They claimed from the sugar company to which they rendered their services overtime pay for the hours worked during the grinding seasons from 1948 to 1949. Judgment was rendered by stipulation on January 25, 1963, ordering defendant to pay $73,882.14. It was understood that in the light of the decision in *Laborde* v. *Eastern Sugar Associates*, 81 P.R.R. 468 (1961) and subsequent cases, the provision of the agreement in force during those years which established a lump sum in payment of all hours worked—regular and extra—during a week, was void. It was expressly stated that the judgment rendered did not include the claim corresponding to the years from 1960 to 1962, inclusive. In a new agreement signed at the end of 1959 and which was in force until the grinding season of 1963, the parties agreed to a new formula to determine the wage of the sugar laborers. It provided as follows:

"The duration of the grinding season within the terms of this Agreement shall comprise twenty-three (23) weeks as of the date on which the grinding season begins.

"As to wages or salaries, for the former as well as for the latter sugar laborers, if any, they will be as follows:

*"1960 grinding season*—Taking as basis the basic pay agreed upon for each sugar laborer during the grinding season of 1959, divide this basic pay by 1104 and you will have the wage of the sugar laborers for each one of the first forty hours of each week; but the laborers shall be guaranteed work of not less than eight hours a day during regular days and 48 hours a week. Any hour worked the week in excess of 40 hours and up to 48 shall be paid at the regular rate. . . ."

On July 24, 1963, a complementary allegation was filed in which they claimed overtime pay for the hours between the 40th and 48th corresponding to the period from the year 1960 to 1963, inclusive. It was alleged that the new agreement had the same defect as the previous one. Defendant objected to this last claim. The trial judge sustained it and we issued this petition to review his action.

The original claim of plaintiffs—the one comprised in the judgment rendered by stipulation which included the years from 1948 to 1959—was based on the fact that they had not been paid for the hours worked in excess of forty during the weeks of the grinding season.

Defendant alleges that the claim corresponding to the years from 1960 to 1963 does not lie. Defendant's contention, as the question was submitted to the trial judge by stipulation, is to the effect that according to the agreement which became effective in January, 1960, the parties established by mutual agreement an hourly rate which is obtained by dividing the basic pay agreed upon by 1104; that the hourly rate established by the parties should be taken as the basis to pay the hours up to 40 hours a week at the regular rate and the hours from 40 to 48 a week at the regular rate.

The plaintiffs' contention is in the sense that the basic wage agreed upon must be divided by 920 in order to determine the rate per hour, to pay the hours from 40 to 48. They maintain that since the workweek during the grinding season is of 40 hours and the contract comprised 23 weeks, 920 is the correct divisor and not 1104 since the latter results from considering the workweek as of 48 hours.[1]

According to the stipulation submitted, the above-copied provision of the agreement operated as follows for the purpose of paying the compensation:

---

[1] $40 \times 23 = 920$.
$48 \times 23 = 1104$.

"A) If a sugar laborer works 40 hours or less during a certain week and none of said hours is in excess of eight hours within a period of twenty-four hours or in the day of rest, defendant pays him during that week the compensation resulting from multiplying the hourly rate established in the Agreement by the number of hours worked. In view of the fact that in the Agreement plaintiffs were guaranteed a minimum of 48 hours of work per week, at the end of the week the defendant paid to plaintiffs the difference between the hours actually worked and the 48 hours guaranteed in the cases in which the number of hours actually worked was less than 48 hours. Likewise if at the close of the grinding season any plaintiff had not worked 23 weeks, defendant paid him as much as the 23 weeks guaranteed by the Agreement.

"B) If a sugar laborer works more than 40 hours a week but less than 48 hours a week and none of said hours is in excess of eight hours within a period of twenty-four hours or on the day of rest, defendant pays him the first 40 hours at the regular rate, taking as basis the hourly rate established in the Collective Bargaining Agreement and the hours between 40 and 48 hours a week at the regular rate, taking as basis the hourly rate established in the Collective Bargaining Agreement; if the sugar laborer works more than 40 hours but less than 48 hours, defendant at the end of the week completes the payment up to 48 hours in view of the guaranty established in the Collective Bargaining Agreement. Likewise if at the close of the grinding season any plaintiff had not worked 23 weeks, defendant paid him as much as the 23 weeks guaranteed by the Agreement.

"C) If a sugar laborer works in excess of eight hours in a period of twenty-four hours such hours are computed at twice the hourly rate established in the Collective Bargaining Agreement irrespective of the number of hours worked during said week and said compensation is made in spite of and in addition to the compensation of the hours up to 40 hours or between 40 and 48 hours worked during said week.

"D) If a sugar laborer works during the seventh working day, the hours worked are compensated at twice the hourly rate established in the Collective Bargaining Agreement and said compensation is made in spite of and in addition to the compen-

sation of the hours up to 40 hours a week, or between 40 and 48 hours a week, or in excess of eight hours during a period of twenty-four hours."

Upon deciding the question raised the trial judge stated:

"Considering that the case law, in interpreting the applicable laws, has consistently established that the regular workweek during the grinding season in the sugar industry is of 40 hours, we believe that the divisor to be used in determining the sugar laborers' wage for each one of the first 40 hours of each week should be 920, which is equivalent to 23 weeks of the grinding season calculated on the basis of 40 working hours per week.

"The Collective Bargaining Agreement, as to this particular, is null and void because it was entered into in violation of the law and the case law."

The trial court rendered that judgment because it believed that defendant "with the wage which corresponded to the 40 weekly hours, the employer paid the 40 regular hours and the hours in excess of 40 a week in clear violation of the act." By virtue of this conclusion it held the following: "Then, all plaintiffs who worked during some or all the grinding seasons from 1960 to 1963 inclusive, are entitled to receive compensation for the hours from 40 to 48 guaranteed by the agreement irrespective of the hours they had worked, and such extra hours a week should be computed and paid at the regular rate, taking as basis to determine the regular rate the lump sum agreed upon as compensation or basic wage for the 23 regular workweeks of each one of those grinding seasons and the divisor of 920, which is the one which mathematically corresponds to 23 weeks of 40 hours."

The statement of the trial judge that "with the wage which corresponded to the 40 weekly hours, the employer paid the 40 regular hours and the hours in excess of 40 a week", does not appear from the stipulation signed by the parties.

It was expressly stipulated that "if a sugar laborer works more than 40 hours a week but less than 48 hours a week and none of said hours is in excess of eight hours in a period of twenty-four hours or on the day of rest, defendant pays said laborer the first 40 hours at the regular rate, taking as basis the rate per hour established in the Collective Bargaining Agreement and the hours between 40 and 48 hours a week at the regular rate using as basis the hourly rate established in the Collective Bargaining Agreement; if the sugar laborer works more than 40 hours but less than 48 hours, defendant, at the end of the week pays him as much as 48 hours in view of the guaranty established in the Collective Bargaining Agreement. Likewise if at the close of the grinding season any plaintiff had not worked 23 weeks, defendant paid him as much as the 23 weeks guaranteed by the Agreement."

That this is so is affirmed by the above-copied provision in relation to the compensation corresponding to the year 1960 to the effect that "taking as basis the basic pay agreed upon for each sugar laborer during the grinding season of 1959, divide this basic pay by 1104 *and you will have the wage of the sugar laborers for each one of the first forty hours of each week. . . ."* (Italics ours.)

As to the manner of determining the wage per hour it was agreed by the parties to divide the lump sum agreed upon by 1104. The trial judge holds that "the agreement is void in that part because it should have been agreed to use 920 as the divisor instead of 1104. The trial judge's reasoning is based on the fact that in his view, the regular workweek in the industrial phase of the sugar industry during the grinding season is of 40 hours and the plaintiffs having agreed upon an overall pay for 23 weeks in the grinding season in dividing by 1104 to determine the wage per hour they were considering the regular workweek as of 48 hours,

when according to the judge it was of 40 hours, hence the divisor should be 920.

Section 5 of Act No. 379 of 1948 establishes that "to determine the wage rate agreed upon for regular hours of work, the daily, weekly, or monthly wage, or wages otherwise stipulated, shall be divided by the number of *regular hours* worked during that same period in accordance with the provisions of this Act." (Italics ours.) The Act establishing that to determine the wage rate agreed upon for the regular hours, the daily, weekly, or monthly wages, or wages otherwise stipulated, shall be divided by the *number of regular hours* worked during that period, it is appropriate to determine the regular workweek in the industrial phase of the sugar industry during the grinding season. Once the regular workweek is determined, it will be multiplied by 23 which is the number of weeks for which a lump sum payment was agreed upon. See *Berríos* v. *Eastern Sugar Associates*, 79 P.R.R. 647 (1956).

■ Act No. 379 of 1948 in its third section provided that "regular hours of work are eight hours during any period of twenty-four consecutive hours, forty-eight hours during any week, and two hundred and eight hours during any month."

Mandatory Decree No. 3, in effect as to working conditions by virtue of the provisions of Act No. 96 of June 26, 1956, established that "no employer shall employ a worker in the industrial phase of the Sugar Industry during the so called 'dead season', for more than forty (40) hours in any workweek . . . ."

■ The Fair Labor Standards Act establishes in its § 207(a) that forty hours constitute the workweek for the industries covered by said Act, but subsection (c) of the aforesaid section expressly exempts the industrial phase of

the sugar industry from this provision during the grinding season.[2]

█ Act No. 379 establishes a regular workweek of 48 hours. The Federal Fair Labor Standards Act expressly exempts the industrial phase of the industry during the grinding season from its provisions and Mandatory Decree No. 3 limits the workweek of 40 hours to the dead season. See Berríos v. Eastern Sugar Associates, supra. Thus, the regular workweek in the industrial phase of the sugar industry during the grinding season is of 48 hours.

██ This finding agrees with our decision in Laborde v. Eastern Sugar Associates, supra, to the effect that during the grinding season the hours in excess of 40 hours in a week up to 48 shall be paid at the regular rate. The trial judge's finding to the effect that the regular workweek during the grinding season in the sugar industry being of 40 hours, the lump sum pay agreed upon had to be divided by 920, is wrong. The regular workweek being of 48 hours, the finding of the trial court that the agreement is void in the part which provided that in order to determine the wage of the sugar laborers for each one of the first forty hours of each week, the lump sum agreed upon for the 23 weeks of the grinding season would be divided by 1104, is wrong.

In view of the foregoing, the judgment appealed from will be reversed and the complaint dismissed.

---

[2] Section 207(c) provides:

"In the case of an employer engaged in the first processing of milk, buttermilk, whey, skimmed milk, or cream into dairy products, . . . or in the processing of sugar beets, sugar-beet molasses, sugarcane, . . . into sugar (but not refined sugar) or into syrup, the provisions of subsection (a) of this section shall not apply to his employees. . . ."